IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Marjorie A. Davis, | : | Case No. 1:05-cv-734 |
| Plaintiff, | : | Judge Sandra S. Beckwith |
| vs. | : | |
| NCO Portfolio Management, Inc., Javitch, Block & Rathbone, et al, | : | |
| Defendants | | |

ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 3). Plaintiff has opposed the motion (Doc. 4), and Defendants have replied (Doc. 5).

Factual Background

Plaintiff Marjorie Davis alleges that the Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and the Ohio Consumer Sales Practices Act, R.C. §1345.01 et seq.

NCO Portfolio Management was the plaintiff in an underlying debt collection action, filed against Davis in the Lawrence County, Ohio municipal court (Doc. 3, Exhibit 2). Defendant Javitch, Block & Rathbone LLP is a law firm, and the three individually-named Defendants are lawyers in that firm. JB&R filed the state court complaint on behalf of their client, NCO. That complaint sought a judgment "on account" against Davis for

$2,797.94, and was supported by an affidavit signed by an NCO agent.  The affidavit attested that Marjorie A. Davis (AKA Jorie A. Dickerson) owed that amount on an account "in favor of NCO Portfolio Management, Inc., Assignee Of Triple M Fin."

Davis, represented by counsel, filed a motion for a more definite statement as permitted under Ohio law.  (Doc. 3, Exhibit 2) Before responding to Davis' motion, JB&R and NCO dismissed the action without prejudice.

Davis then filed her complaint in this case, alleging that the Defendants violated the FDCPA and the OCSPA by filing the collection action.  Davis specifically alleges that "Defendants violated the FDCPA by filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Defendant NCO owned the debt." Compl. ¶11.  Davis alleges this conduct violated Sections 1692d, 1692e and e(10), and 1692f of the FDCPA.

Defendants move to dismiss Davis' complaint, arguing that the allegations fail to state a claim for liability under either the FDCPA or the OCSPA.

## DISCUSSION

A.  <u>Standard of Review</u>.

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.  The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236

(1974), and Lewis v. ACB Business Services, 135 F.3d 389, 405 (6th Cir. 1998).  A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations.  Blackburn v. Fisk University, 443 F.2d 121, 124 (6th Cir. 1974).  A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory.  Lewis v. ACB, 135 F.3d at 405 (internal citations omitted).

When considering the sufficiency of a complaint pursuant to a Rule 12(b)(6) motion, the Court recognizes that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957).

B.   The Fair Debt Collection Practices Act.

Congress enacted this statute "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. §1692(e).  The Sixth Circuit has noted that the Act is "extraordinarily broad" and must be enforced as written, even when eminently sensible exceptions are proposed in the face of an innocent and/or de minimis violation. See Frey v. Ganqwish, 970 F.2d 1516, 1521 (6th Cir. 1992).  The

Court must evaluate the defendant's conduct under the "least sophisticated consumer" test, and objectively determine whether that consumer would be misled.  Smith v. Transworld Systems, Inc., 953 F.2d 1025, 1029 (6th Cir. 1992).

C.   Discussion

Both parties cite this Court's recent ruling in Kelly v. Great Seneca Financial Corp., Case No. 1:04-cv-615 (Doc. 25, Order of June 16, 2005).  There, Great Seneca filed a collection lawsuit against Kelly, in which JB&R represented Great Seneca.  That lawsuit was voluntarily dismissed after Kelly sought discovery concerning the underlying debt.  Kelly then filed an FDCPA action in this Court.  She alleged that a Great Seneca document attached to the state court complaint, stating that Kelly owed Great Seneca $5,389.15, was "bogus" and did not accurately reflect any debt obligation that Kelly may have had with an original creditor.  This Court denied JB&R's motion to dismiss Kelly's claims under FDCPA Section 1692e (generally prohibiting false or misleading statements in connection with debt collection) because Kelly had alleged that Great Seneca's statement of the debt was false.

Here, in contrast, Davis does **not** allege that anything contained in the state court complaint filed against her was false.  Davis does not admit or deny the existence of any underlying debt, but only states that she "may have been" obligated to pay it.  (Compl. ¶2)  The absence of any allegation that NCO and/or JB&R made a **false** statement distinguishes this

case from Kelly.

Both parties also recognize that Davis' complaint bears a striking resemblance to the complaint at issue in Harvey v. Great Seneca Financial Corp., S.D. Ohio Case No. 1:05-cv-047 (Dlott, J.). There, JB&R again represented Great Seneca Financial and filed a collection lawsuit in Ohio municipal court against Harvey. Harvey sought discovery about details of the alleged debt. After Great Seneca could not or would not provide the requested details, Great Seneca voluntarily dismissed its lawsuit. Harvey then sued under the FDCPA, alleging that Great Seneca and JB&R violated the FDCPA "by filing a lawsuit to collect a purported debt without the means of proving the existence of the debt, the amount of the debt, or that Defendant Great Seneca . . . owned the debt." (Dkt. 1:05-cv-047, Doc. 18 at p. 2) The district court dismissed Harvey's claims under FDCPA §1692d and §1692e(10), finding that the allegations failed to state a claim under the statute.

Defendants urge this Court to follow Harvey and dismiss Davis' complaint. Davis urges the Court not to do so, arguing that her complaint supports a "new theory" of liability (see Doc. 4, p. 4 n. 1). The "theory" described in Davis' brief opposing Defendants' motion is that NCO buys old, defaulted debt for pennies on the dollar. In these transactions, the seller of the debt provides only minimal summary information about the original debt. NCO, represented by JB&R, then routinely files state court collection actions supported only by the summary information.

The default rate on these lawsuits "is at least ninety percent" according to Davis.  Obtaining a default permits NCO/JB&R to garnish the judgment debtor, even though the debt was never "proved up" in a contested court action.  But when a debtor appears in the action and asks for documentation on the debt, the Defendants routinely dismiss the collection action, based on the economics of pursuing a judgment in those circumstances.

The Court notes that facts to support this "theory" are not alleged in the complaint.  The same situation occurred in Harvey, where plaintiff's "theory" appeared only in a brief.  Even if these facts were properly alleged, however, they do not support a reasonable inference that the filing of the lawsuit runs afoul of the FDCPA.  This Court has previously found that filing a civil debt collection lawsuit is not conduct to which FDCPA Section 1692d is addressed.  That section prohibits conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  See Kelly v. Great Seneca, supra, and Hartman v. Asset Acceptance Corp., Case No. 1:03-cv-113, Order dated September 29, 2004 (Doc. 59).  The Harvey court reached the same conclusion.  Davis offers no persuasive reason for this Court to reach a different result here.

Davis also argues that the act of filing a lawsuit that the creditor intends to dismiss if the debtor requests verification of the original debt is no different from filing a lawsuit on a time-barred claim, and thus violates Sections 1692e, e(10), or

1692f.  The Court disagrees.  Filing a complaint to collect a debt that has been extinguished by the passage of time clearly falls within Section 1692e(2), prohibiting false representations about the character or legal status of any debt.  It may also violate Section 1692f, which prohibits "unfair or unconscionable" methods of debt collection.  See, e.g., <u>Kimber v. Federal Financial Corp.</u>, 668 F.Supp. 1480 (M.D. Ala. 1987).

However, filing a lawsuit supported by the client's affidavit attesting to the existence and amount of a debt, is not a false representation about the debt, nor is it unfair or unconscionable.  A defendant in any lawsuit is entitled to request more information or details about a plaintiff's claim, either through formal pleadings challenging the complaint or through discovery.  Davis does not allege that anything in the state court complaint was false or that the complaint itself was baseless.  She essentially alleges that more of a paper trail should have been in the lawyers' hands or attached to the complaint.  The FDCPA imposes no such obligation.

It is also undisputed that Ohio law permits a plaintiff an absolute right to one dismissal without prejudice under Civ. R. 41(A)(1)(a), for any reason or for no reason, any time before trial.  NCO's exercise of that right in the underlying case, absent factual allegations of a false representation or unconscionable conduct, does not transform the filing of its complaint into an FDCPA violation.

The Court finds nothing in the record in this case that

requires a result different from that reached in Harvey.  This Court finds that Davis has not stated a claim for relief under 15 U.S.C. §1692d, §1692e,  §1692e(10) or §1692f against JB&R or NCO Portfolio Management.

In view of this conclusion, the Court need not address Defendants' alternative arguments concerning various forms of immunity, First Amendment protection, and the Noerr-Pennington doctrine.  Defendants' motion (Doc. 6) for leave to file a supplemental memorandum, addressing Todd v. Weltman, Weinberg & Reis Co., 2006 Fed.App. 0014P (6th Cir., January 13, 2006), is denied as moot.

Since the Court is dismissing Plaintiff's federal law claims, the Court declines to exercise jurisdiction over Plaintiff's claim under the Ohio Consumer Sales Practices Act, and dismisses that claim without prejudice.  The Court finds there would be no substantial savings in judicial resources from resolving those claims at this time.  See Hankins v. The Gap, Inc., 84 F.3d 797, 803 (6th Cir. 1996).

Defendants' motion to dismiss (Doc. 6) is GRANTED.  Plaintiff's federal claims are dismissed with prejudice, and the state law claims are dismissed without prejudice.

SO ORDERED.

DATED: February 7, 2006                s/Sandra S. Beckwith
                                            Sandra S. Beckwith, Chief Judge
                                            United States District Court